```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

DK and ALICE KADDATZ,
Individually,

        Plaintiffs,

v.                              Case No. 8:14-cv-2329-T-33TBM

SCHOOL BOARD OF MANATEE
COUNTY, FLORIDA,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant School Board of Manatee County's ("School Board") Motion to Dismiss Counts II and V of the Plaintiffs' Amended Complaint filed on October 20, 2014. (Doc. # 17). Plaintiffs, DK and Alice Kaddatz, filed a response in opposition to the Motion on October 27, 2014. (Doc. # 19). Upon due consideration, and for the reasons stated below, the Court grants in part and denies in part the School Board's Motion.

**I.  Background**

On September 17, 2014, DK and Kaddatz initiated an action against the School Board alleging negligence, vicarious liability, violation of Title IX, 20 U.S.C. § 1681, et. seq., loss of filial consortium, and negligent infliction of

emotional distress. (Doc. # 2). Subsequently, on September 24, 2014, the School Board filed its Answer and Affirmative Defenses and Motion to Dismiss the Complaint. (Doc. ## 4-5). On October 1, 2014, DK and Kaddatz filed an Amended Complaint and demand for jury trial, which rendered the School Board's Motion to Dismiss moot. (Doc. # 9). Thereafter, on October 20, 2014, the School Board filed the present Motion, arguing that: (1) DK and Kaddatz fail to state a cause of action for vicarious liability; and (2) DK and Kaddatz fail to state a cause of action for negligent infliction of emotional distress (Doc. # 17). DK and Kaddatz responded in opposition to the Motion on October 27, 2014. (Doc. # 19).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. **Analysis**

#### A. **Vicarious Liability**

The School Board contends that DK and Kaddatz have not sufficiently pled factual allegations establishing that the School Board is ". . . vicariously liable for the sexual and physical abuse by Roderick Frazier." (Doc. # 17). In order to establish a claim for vicarious liability, DK and Kaddatz must allege that "the employee committed the negligent act: (1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer." Valeo v. E. Coast Furniture Co., 95 So. 3d 921, 925 (Fla. 4th DCA 2012).

3

As DK and Kaddatz note in their response to the Motion, "'Generally, sexual assaults and batteries by employees are held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer.'" Special Olympics Fla., Inc. v. Showalter, 6 So. 3d 662, 665 (Fla. 5th DCA 2009). However, courts have recognized an exception where the employee/tortfeasor was assisted in accomplishing the tort by the existence of the employee/employer relationship. Doe v. St. John's Episcopal Parish Day Sch., Inc., 997 F. Supp. 2d 1279, 1288-89 (M.D. Fla. 2014); Doe v. Norwich Roman Catholic Diocesan Corp., 268 F. Supp. 2d 139, 142 (D. Conn. 2003) ("Usually, it is a question of fact as to whether a willful tort of the servant has occurred within the scope of the servant's employment and was done to further his master's business . . . But there are occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law . . . Cases of sexual abuse often represent such a strong deviation from furthering an employer's business.") (citations and quotation omitted).

Based on the allegations in the Amended Complaint, and because vicarious liability claims are a fact intensive inquiry, this issue is more appropriately addressed at the

summary judgment stage. Id. For example, the Amended Complaint includes allegations that:

> At all times material hereto, the teachers, staff, employees, agents and/or servants of the Defendant, including but not limited to Roderick Frazier, were acting within the course and scope of their employment with Defendant.
>
> Roderick Frazier, in his position as a Parent Liaison, was in a unique position to have access to the students in his office by writing discipline referrals requiring their presence.
>
> Roderick Frazier manipulated DK by alternately being nice to her and appropriate in his interactions to then issuing discipline referrals for small infractions or no infractions and then sexually abusing her while in his office after she reported for a referral.

(Doc. # 9 at 6). Taking the allegations in the Amended Complaint as true, as it must, this Court agrees with DK and Kaddatz that the actions of Frazier "in issuing the discipline referrals pursuant to his authority as Parent Liaison" was an act done in the course and scope of his employment. (Doc. # 19 at 4). Therefore, this claim survives the School Board's Motion to Dismiss.

**B. Negligent Infliction of Emotional Distress**

The School Board argues that "it is well established under Florida law that there is no cause of action for emotional distress damages arising from simple negligence

unless certain prerequisites are met." (Doc. # 17 at 3)(citing Janie Doe v. Sinrod, 117 So. 3d 786 (Fla. 4th DCA 2013)).

In Florida, claims for negligent infliction of emotional distress are governed by the "impact rule" designed to assure the validity of claims for emotional distress. R.W. v. Armor Corr. Health Servs., Inc., 830 F. Supp. 2d 1295, 1303 (M.D. Fla. 2011). The impact rule requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." Id. (quoting S. Baptist Hosp. of Fla. v. Welker, 908 So. 2d 317 (Fla. 2005)). The judicially-created rule attempts to safeguard the court from fictitious and speculative claims arising from purely emotional distress. Id.

Though the Court recognizes exceptions to the impact rule, these exceptions arise in extraordinary circumstances where "the foreseeability and gravity of the emotional injury involved, and the lack of countervailing policy concerns, have surmounted the policy rational undergoing application of the impact rule." Id. (quoting Rowell v. Holt, 850 So. 2d 474, 478 (Fla. 2003)). Here, as the School Board points out, Kaddatz has failed to allege that she suffered an impact from an external force and has not alleged that "she saw, heard,

6

or arrived on scene when the alleged misconduct occurred." (Doc. # 17 at 4).

Kaddatz responds that she acknowledges that Florida law "requires the plaintiff to see, hear or arrive on the scene of the misconduct to state a claim for negligent infliction of emotional distress." (Doc. # 19 at 6). Kaddatz also requests that any dismissal of Count V be without prejudice so that Kaddatz can reallege this cause of action pending the Florida Supreme Court's ruling on the issue of an exception to the impact rule in the circumstances outlined above. (Id.)(see Janie Doe v. Sinrod, 117 So. 3d 786 (Fla. 4th DCA 2013)).

Upon due consideration of the well-pleaded allegations of DK and Kaddatz's Amended Complaint, which the Court must accept as true at this point in time, the Court determines that it is appropriate to deny the School Board's 12(b)(6) Motion as to Count II and grant the Motion as to Count V.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant School Board of Manatee County, Florida's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 17) is **DENIED** as to Count II and **GRANTED** as to Count V.

7

(2) Plaintiffs DK and Kaddatz have until and including **November 7, 2014,** to file a second amended complaint.

(3) The School Board of Manatee County, Florida has until and including **November 14, 2014**, to file its Answer to the second amended complaint.

(4) Plaintiffs DK and Kaddatz have until the deadline to amend pleadings which is **December 15, 2014**, to re-allege the claim for negligent infliction of emotional distress, if possible.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record