UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DK and ALICE KADDATZ,

    Plaintiffs,

v.                                                            Case No: 8:14-cv-2329-T-33JSS

SCHOOL BOARD OF MANATEE
COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTIONS FOR INDEPENDENT
EXAMINATION OF PLAINTIFF DK AND SUPPORTING MEMORANDUM OF LAW**

THIS MATTER is before the Court on Defendant's Motions for Independent Examination of Plaintiff DK and Supporting Memorandum of Law (Dkt. 37, 38) pursuant to Federal Rule of Civil Procedure 35.

In their Second Amended Complaint, Plaintiffs allege that Plaintiff, DK, was sexually, mentally, and physically abused by a staff member of Manatee High School, which is operated by Defendant, and seek mental and emotional damages as a result. (Dkt. 22.) In its motion, Defendant seeks to compel Plaintiff to undergo a medical examination by a psychiatrist and psychoanalyst, Dr. James R. Edgar, M.D., to evaluate the "existence, source, and severity" of Plaintiff's claimed injuries. (Dkt. 37, 38.) Defendant proposes that the examination be conducted in Tampa, Florida, on a date and time reasonable for both parties but before July 31, 2015, which is the close of expert discovery in this case.

Under Federal Rule of Civil Procedure 35, a court may, on a motion for good cause shown, order a party to submit to a physical or mental examination by a suitably licensed or certified examiner when the party's medical condition is "in controversy." Fed. R. Civ. P. 35(a). In a

negligence action, a plaintiff places his or her mental or physical injury in controversy by asserting a mental or physical injury, thereby providing the defendant with "good cause for an examination to determine the existence and extent for such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S. Ct. 234, 243, 13 L. Ed. 2d 152 (1964). Here, Plaintiffs have alleged that Defendant's negligence caused Plaintiff to sustain "mental anguish, pain and suffering . . . and loss of the ability to enjoy life." (Dkt. 22.) Thus, Plaintiff's physical health is in controversy, and good cause exists for an independent medical examination.

Plaintiffs do not oppose the medical examination or the doctor proposed by Defendant. Rather, Plaintiffs only objection is to the location of the examination, requesting instead that it take place in Manatee County, where Plaintiffs reside. The prevailing view is that medical examinations should take place in the district where the action is pending. *See Bennett v. White Labs., Inc.*, 841 F. Supp. 1155, 1159 (M.D. Fla. 1993) (finding authority for requiring a plaintiff to submit to an examination in the district where an action is pending, even if the plaintiff resides in another district). In this case, the examination is scheduled to take place in the district where the action is pending.

Plaintiffs state that traveling from Manatee County to Hillsborough County, where the examination is scheduled, will cause an undue burden or hardship, generally stating that Plaintiff's mother "is a single parent of a young child and has transportation difficulties." (Dkt. 40.) This general statement is insufficient to establish an undue burden. Based on the information provided, the Court finds that Plaintiffs have not shown substantial hardship or compelling grounds for setting aside the general rule regarding location of examinations. Plaintiffs further assert that Defendant is obligated to pay for travel expenses if the examination is scheduled in Tampa. However, the federal rules and applicable law require no such result. Upon consideration, it is

**ORDERED:**

1. Defendant's Motions for Independent Examination of Plaintiff DK and Supporting Memorandum of Law (Dkt. 37, 38) are **GRANTED**.

2. Plaintiff, DK, shall submit to the proposed examination by Dr. James R. Edgar, M.D., on a date and time mutually agreed on by the parties but before July 31, 2015, the close of expert discovery. The examination shall not exceed eight (8) hours, and the scope of the examination shall be limited as stated in the Defendant's motions and as agreed by the parties.

**DONE** and **ORDERED** in Tampa, Florida on July 23, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record